1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLIE LEE MILLION,                        No.  2:13-cv-1383 AC P

12              Plaintiff,

13        v.                                      ORDER

14   J. WALKER, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 6.

21        Three Strikes

22        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States

23   to authorize the commencement and prosecution of any suit without prepayment of fees by a

24   person who submits an affidavit indicating that the person is unable to pay such fees.  However,

25             [i]n no event shall a prisoner bring a civil action or appeal a
              judgment in a civil action or proceeding under this section if the
26            prisoner has, on 3 or more prior occasions, while incarcerated or
              detained in any facility, brought an action or appeal in a court of
27            the United States that was dismissed on the grounds that it is
              frivolous, malicious, or fails to state a claim upon which relief may
28            be granted, unless the prisoner is under imminent danger of serious

                                             1

1    physical injury.

2    28 U.S.C. § 1915(g).

3         The plain language of the statute makes clear that a prisoner is precluded from bringing a

4    civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions

5    and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d

6    1176, 1178 (9th Cir.1999).  Plaintiff, who appears to concede that he is a three-strikes litigant by

7    characterizing himself as a "vexatious litigant," appears to be barred from proceeding in this

8    action in forma pauperis pursuant to 28 U.S.C. § 1915(g).  According to the three-strikes national

9    database,[1] of which this court takes judicial notice,[2] plaintiff has been determined to have been

10   foreclosed under § 1915(g) from proceeding in forma pauperis in a prisoner civil rights action

11   since 2002.  In Million v. Vasconcellos, Case No. 2:03-cv-0054 LKK GGH P (dismissed as

12   barred by § 1915(g)'s three-strikes provision by order filed on September 9, 2003), the following

13   cases were noted as having been, prior to the filing of that action, qualified as strikes:

14        Million v. Marshall, No. 3: 91-cv-03873 JPV (N.D. Cal.) – dismissed as frivolous by

15   order filed on March 23, 1992;

16        Million v. Crowell., No. 1: 99-cv-05972 OWW HGB – dismissed with prejudice for

17   failure to state a claim on March 22, 2002;

18        Million v. Davis, No. 1:00-cv-06117 AWI HGB – dismissed for failure to state a claim by

19   order filed on April 10, 2002;

20        Million v. Ortiz, No. 1:02-cv-5046 REC DLB – dismissed for failure to state a cognizable

21   claim by order filed May 29, 2002.

22        Accordingly, unless plaintiff can meet the "imminent danger of serious physical injury

23   exception" in the allegations of the instant complaint, plaintiff will not be able to proceed in this

24   action absent payment of the full filing fee at the outset.  To meet the exception, plaintiff must

25   have alleged facts that demonstrate that he was "under imminent danger of serious physical

26   ────────────────────

27   [1]  A Ninth Circuit committee has referred the court to this database for PLRA three-strikes
     screening purposes.

28   [2]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
     635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th

Cir.2007) ("it is the circumstances at the time of the filing of the complaint that matters for

purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul–Akbar v.

McKelvie, 239 F.3d 307, 312-14 (3rd Cir.2001); Medberry v. Butler, 185 F.3d 1189, 1192-93

(11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144

F.3d 883, 884 (5th Cir.1998) (per curiam).

In the instant complaint, plaintiff, who is currently housed at Salinas Valley State Prison

(SVSP), names more than 35 defendants as responsible for alleged race-based lockdowns to

which he has subject at California State Prison-Sacramento (CSP-Sac).  See Complaint.  The

gravamen of plaintiff's complaint appears to be that from mid-June through mid-August of 2010,

his Eighth and Fourteenth Amendment rights were violated by the lockdown of "non-affiliated

black inmates."  Plaintiff also alleges that some defendants staged two gladiator fights between

disruptive African-American and Southern Hispanic inmates to keep non-affiliated black inmates

(presumably such as himself) on lockdown.  Plaintiff seeks declaratory relief and money

damages.  See Complaint at 2-17.

Plaintiff must show cause, within thirty days, why he should be permitted to proceed in

forma pauperis in this action.  Specifically, plaintiff must demonstrate how, at the time of the

filing of this action while he was evidently housed at SVSP, he was subject to an imminent

danger of serious physical injury by the alleged misconduct of defendants at CSP-Sac some three

years earlier.  In the alternative, plaintiff may submit the filing fee in full in order to proceed in

this action.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff must show cause, within thirty days, why he should be allowed to proceed in

this action in forma pauperis by demonstrating that he was in imminent danger of

serious physical injury at the time of the filing of the instant complaint;

////

////

////

3

2.  Alternatively, should he not be able to make such a showing, plaintiff may submit the statutory filing fee of $350.00 within thirty days to proceed in this action.

DATED: September 11, 2013

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
mill1383.osc

4