UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE LEE MILLION,<br><br>            Plaintiff,<br><br>      v.<br><br>J. WALKER, et al.,<br><br>            Defendants. | No.  2:13-cv-1383 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 6.  Plaintiff is a "three-strikes" litigant.  See below.  By order filed on September 12, 2013, plaintiff was ordered to show cause, within thirty days, why he should be allowed to proceed in this action in forma pauperis by demonstrating that he was in imminent danger of serious physical injury at the time of the filing of the instant complaint.  ECF No. 7.  In the alternative, plaintiff was informed that he could pay the filing fee in full within thirty days.  Plaintiff did not pay the filing fee but did file a response.  ECF No. 8.

Three Strikes

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a

person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  Plaintiff, who appears to concede that he is a three-strikes litigant by characterizing himself as a "vexatious litigant," appears to be barred from proceeding in this action in forma pauperis pursuant to 28 U.S.C. § 1915(g).  According to the three-strikes national database,[1] of which this court takes judicial notice,[2] plaintiff has been determined to have been foreclosed under § 1915(g) from proceeding in forma pauperis in a prisoner civil rights action since 2002.  In Million v. Vasconcellos, Case No. 2:03-cv-0054 LKK GGH P (dismissed as barred by § 1915(g)'s three-strikes provision by order filed on September 9, 2003), the following cases were noted as having been, prior to the filing of that action, qualified as strikes:

Million v. Marshall, No. 3: 91-cv-03873 JPV (N.D. Cal.) – dismissed as frivolous by order filed on March 23, 1992;

Million v. Crowell., No. 1: 99-cv-05972 OWW HGB – dismissed with prejudice for failure to state a claim on March 22, 2002;

Million v. Davis, No. 1:00-cv-06117 AWI HGB – dismissed for failure to state a claim by order filed on April 10, 2002;

Million v. Ortiz, No. 1:02-cv-5046 REC DLB – dismissed for failure to state a cognizable

---

[1] A Ninth Circuit committee has referred the court to this database for PLRA three-strikes screening purposes.

[2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1 claim by order filed May 29, 2002.

2 As plaintiff has been informed, unless the allegations of the complaint satisfy the "imminent danger of serious physical injury exception," plaintiff will not be able to proceed in this action absent payment of the full filing fee. To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); see also, Abdul–Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

In the instant complaint, plaintiff -- who is currently housed at Salinas Valley State Prison (SVSP), as he was at the time the complaint was filed -- names more than 35 defendants as responsible for alleged race-based lockdowns to which he was subject at California State Prison-Sacramento (CSP-Sac). See Complaint. The gravamen of plaintiff's complaint appears to be that from mid-June through mid-August of 2010, his Eighth and Fourteenth Amendment rights were violated by the lockdown of "non-affiliated black inmates." Plaintiff also alleges that some defendants staged two gladiator fights between disruptive African-American and Southern Hispanic inmates to keep non-affiliated black inmates (presumably such as himself) on lockdown. Plaintiff seeks declaratory relief and money damages. See Complaint at 2-17.

In plaintiff's response to the order to show cause, he alleges that he was retaliated against for participating in a group appeal against rogue "green wall" correctional officers and was "unlawfully" transferred (presumably from CSP-Sac) to SVSP's "suicide program" without a classification hearing and without proper notice. ECF No. 8 at 1. He claims that SVSP is a "less favorable institution where green wall gangmember officers started." Id. He alleges that prison staff at SVSP do not like black inmates and do not obey their own policies and procedures and that plaintiff, as "a black Hebrew Israelite" has been subjected to racism there for the three years since his arrival. Id. at 2. Plaintiff claims he has had no disciplinary action brought against him

3

but is nevertheless subjected to cruel and unusual punishment in the form of being denied fresh air and exercise due to confinement to his cell for extended periods. Id. at 3. Plaintiff provides exhibits showing that both black and Northern Hispanic inmates at SVSP had been placed for an undefined period on a modified program as a result of several riots. ECF No. 8 at 24.

Plaintiff's entire focus is on the alleged conditions of his incarceration at SVSP, following the incidents at CSP-Sac that give rise to his claims. The complaint, from which this court must determine whether § 1915(g) is satisfied, addresses events and conditions at CSP-Sac in 2010. Neither the complaint nor the response to the order to show cause allege facts that demonstrate a plausible risk of serious physical injury to plaintiff. Racial discrimination and retaliation of the types alleged do not create an imminent danger of physical injury, which is required to meet the § 1915(g) exception. To the extent plaintiff contends that he currently faces a risk of harm in the form of retaliatory conditions, those allegations may not be considered because they post-date the filing of the complaint.

The court finds that plaintiff has failed to meet the "imminent danger" exception of § 1915(g) and that he is accordingly barred from proceeding in this action in forma pauperis. Plaintiff will be granted thirty days to pay the $350.00 statutory filing fee in full. Failure to do so will result in dismissal of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied as plaintiff is barred by the "three-strikes" provision of 28 U.S.C. § 1915(g) from so proceeding.
2. Plaintiff is granted thirty days to pay the filing fee in full in order to proceed in this action; failure to do so will result in dismissal of this case.

DATED: April 4, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4