UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE LEE MILLION,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WALKER, et al.,<br><br>        Defendants. | No. 2:13-cv-1383 AC P<br><br><br>ORDER |

Plaintiff has filed a document indicating that he "opposes" the court's order denying plaintiff's request to proceed in forma pauperis pursuant to the "three-strikes" provision of 28 U.S.C. § 1915 (g). ECF No. 10. The court construes the filing as a request for reconsideration of the Order filed April 4, 2014 (ECF No. 9).[1] Plaintiff contends that he is subject to imminent danger.

### Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or

---

[1] Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 6.

1

1 circumstances [which] were not shown upon such prior motion, or what other grounds exist for
2 the motion." Id.  The rule derives from the "law of the case" doctrine which provides that the
3 decisions on legal issues made in a case "should be followed unless there is substantially different
4 evidence . . . new controlling authority, or the prior decision was clearly erroneous and would
5 result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981);
6 see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064
7 (1986).

8 Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or
9 amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the
10 unsuccessful party to "rehash" arguments previously presented, or to present "contentions which
11 might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp.
12 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);
13 Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings
14 "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial
15 efficiency." Costello, 765 F.Supp. at 1009.

16 The court has previously observed that plaintiff failed to make the showing necessary to
17 satisfy the imminent danger of physical injury exception to 28 U.S.C. § 1915(g).  At the time
18 plaintiff filed the instant complaint involving events at California State Prison-Sacramento, he
19 was housed at Salinas Valley State Prison (SVSP).  Plaintiff continues his effort to link the
20 allegations of the original complaint against the more than 35 CSP-Sacramento defendants to
21 conditions to which he is presently subject at SVSP.  However, as plaintiff has been previously
22 informed, application of § 1915(g) turns on the allegations of the 2010 complaint.  Plaintiff's
23 opposition merely rehashes arguments that have been previously presented and rejected.  Those
24 arguments remain unavailing.

25 Plaintiff will be granted one final opportunity to proceed in this action by paying the filing
26 fee in full within twenty-one (21) days, failing which this action will be dismissed.  There will be
27 no further extension of time.
28 ////

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's Opposition (ECF No. 10) is construed as a motion for reconsideration and, as such, is denied;

2. Plaintiff is granted a final opportunity, within twenty-one days, to pay the statutory filing fee in full; failure to do so will result in dismissal of this action; and

3. There will be no further extension of time.

DATED: May 13, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE